The solicitor of defendant filed objections to the confirmation of the master's sale of certain mortgaged premises situate in Sussex and Morris counties at and near the village of Waterloo. Solicitor of the complainant moved to dismiss these objections and the matter was argued before me on its merits.
The property covered by the mortgage contains about one thousand five hundred acres. Defendant owned an equal undivided one-half interest in about one thousand one hundred acres of the land above mentioned. His interest in the remaining four hundred acres was less than an equal undivided one-half. At the master's sale the property was bid in by the complainant for $10,000. The objections urged by the solicitor of defendant are in effect, (1) that the property was not sold for the best price that could be obtained and that the sum which it brought was an unconscionable amount; that the defendant could not protect himself at the sale on account of his financial resources and because there was no competitive bidding the sale was inequitable and unfair; (2) that the property is worth about $181,000 and that in the opinion of the defendant "if the market price or the price at which the property could be sold were secured, very much more, in your petitioner's belief, would result from the sale than the amount which it is claimed is due on the mortgage." The defendant, therefore, asks that the matter be referred to a master of this court to report the value to this court.
At the argument solicitor of petitioner also argued that the sale was illegal because it was adjourned from week to week pending an appeal to the court of errors and appeals. From the files in the case the adjournments appear to have been regular and in accordance with the statute. In addition to this, solicitor of defendant and the solicitor of the complainant entered into a written stipulation that the sale be adjourned by the master from week to week pending the appeal. I, therefore, see no merit in this contention had it been properly raised by the objections.
Counsel for defendant also argued that the descriptions contained in the advertisements of sale were not adequate to *Page 485 
apprise prospective purchasers of a proper description of the property. The property described in the advertisements by the master was the same as contained in the mortgage and, in my opinion, sufficient to comply with the requirements of the law. I see no merit in this contention even had this contention been properly raised by the objections.
The only remaining question, therefore, is, was the price which the premises brought at the sale so inadequate as to shock the conscience of the court. At the argument solicitor of the complainant offered to credit on the bond, which said mortgage was given to secure, the full amount of the decree, costs and interest which amounted to about $33,400. Complainant himself by his affidavit values the entire interests in the property at about $200,000. The affidavit of a real estate broker, Harry Searles, attempts to value the entire interests in the property at about $181,000. His affidavit is filed on behalf of the defendant. He places what he terms "a total base value" of $78,750 on the whole interest in the land and improvements and an "appreciable features" value of $102,555. He does not explain the meaning of the "appreciable features" value. These two make up the above mentioned $181,000. It can hardly be said as claimed by the solicitor of the defendant that the undivided interest of the defendant is worth half of this amount. In the first place, he did not own an equal undivided half interest in the entire property. In the second place, an equal undivided half interest as contended by the solicitor of the complainant would not be worth half of the whole interest in the property. An equal undivided half interest in a property is a difficult interest to dispose of at a public sale. The purchaser would probably be burdened with additional litigation and costs in order to obtain his division of the property or if the whole interests were sold by partition he would find it difficult to raise the funds with which to pay the other tenants in common. Bidders at such a sale would be few, if any, particularly when the sale involved a prospective lake development, old mill property and houses such as were contained in the property in question. Neither the defendant nor his solicitor attended the sale although both had ample notice of its time and place. *Page 486 
I do not think the price which it brought nor the amount which the complainant is willing to credit on account of the decree, to wit, the sum of $33,400 is so inadequate as to shock the conscience of the court.
I have, therefore, reached the conclusion that the objections should be dismissed and that the complainant should credit defendant on account of the decree the full amount of the decree together with interest and costs. I will advise an order accordingly.